09-4214-cv
City of New York v. Venkataram

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand ten.

PRESENT:   ROBERT D. SACK,
                      BARRINGTON D. PARKER,
                      REENA RAGGI,
                                *Circuit Judges*.

-----------------------------------------------------------------------------------

CITY OF NEW YORK,

                              *Plaintiff-Appellee*,

                    v.                                                    No. 09-4214-cv

NATARAJAN R. VENKATARAM,

                              *Defendant-Appellant*,

ROSA ABREU, VISUALSOFT TECHNOLOGIES, LTD.,
D.V.S. RAJU,

                              *Defendants*.

-----------------------------------------------------------------------------------

FOR APPELLANT:              Natarajan R. Venkataram, <u>pro se</u>, Fort Dix,
                                           New Jersey.

FOR APPELLEE:                Susan Paulson, Assistant Corporation Counsel, *for*

Michael A. Cardozo, Corporation Counsel for the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Naomi R. Buchwald, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 9, 2009 judgment of the district court is AFFIRMED.

Pro se defendant Natarajan R. Venkataram, a former supervisory employee in the New York City Office of the Chief Medical Examiner ("OCME"), appeals from an award of summary judgment in favor of the City on its civil racketeering claim for treble damages as a result of Venkataram's multi-million-dollar scheme to defraud his employer. See 18 U.S.C. § 1964(c). We review an award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2). In applying this standard, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

In awarding summary judgment, the district court relied on the undisputed fact that, in prior criminal proceedings, Venkataram pleaded guilty to various crimes in furtherance

2

of the fraud scheme at issue in this civil action, specifically, one count of conspiracy, see 18

U.S.C. § 371, one count of embezzlement, see id. § 666, and fourteen counts of money

laundering, see id. § 1956. Venkataram does not here dispute his commission of these

crimes. Rather, he submits that only his money laundering crimes qualify as predicates

satisfying the pattern element of racketeering, see id. §§ 1961(1), 1961(5), but only his

embezzlement crime (not a racketeering predicate) qualifies as the proximate cause of the

City's claimed damages.

The City asserts that Venkataram waived this argument by failing to make it in

opposition to summary judgment, raising the point only in his motion for reconsideration, the

denial of which he does not appeal. In fact, a liberal reading of Venkataram's pro se

opposition to summary judgment – which the district court entertained despite the fact that

Venkataram was then represented by counsel – casts doubt on the City's argument. We need

not decide the question, however, because even if we were to identify waiver, the rule is

prudential rather than jurisdictional, allowing us to consider Venkataram's challenge in our

discretion. See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers &

Lybrand, LLP, 322 F.3d 147, 159 (2d Cir. 2003).[1] In doing so, we conclude that the

causation challenge is without merit.

_____

[1] We do apply the waiver rule to other arguments that Venkataram raised in the district court but does not pursue on appeal. See Higazy v. Templeton, 505 F.3d 161, 168 n.7 (2d Cir. 2007); Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

To be sure, the Supreme Court has recently reiterated that, "under civil RICO, the plaintiff is required to show that a RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." Hemi Grp., LLC v. City of New York, 130 S. Ct. 983, 989 (2010) (internal quotation marks omitted). To carry this burden, the plaintiff must demonstrate "'some direct relation between the injury asserted and the injurious conduct alleged.' A link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient." Id. (quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 271, 274 (1992) (bracket in Hemi)).

Venkataram urges us to hold that only a crime that creates illegal proceeds (in this case, embezzlement), not a crime to conceal those proceeds (i.e., money laundering), can bear the necessary "direct relation" to the City's claimed loss. Compare Oki Semiconductor Co. v. Wells Fargo Bank, N.A., 298 F.3d 768, 774 (9th Cir. 2002) (holding predicate acts of money laundering to conceal proceeds of theft were not proximate cause of plaintiff's injury resulting from theft), with Maiz v. Virani, 253 F.3d 641, 674 (11th Cir. 2001) (holding predicate acts of money laundering proximately caused plaintiff's injury resulting from underlying fraud scheme). We are skeptical of such an absolute rule given the law's recognition that more than one factor may be a proximate cause of injury, particularly when factors operate together. See Caruolo v. John Crane, Inc., 226 F.3d 46, 56 (2d Cir. 2000) (citing Voss v. Black & Decker Mfg. Co., 59 N.Y.2d 102, 109-10, 463 N.Y.S.2d 398, 403 (1983)); Moore v. M.P. Howlett, Inc., 704 F.2d 39, 43 (2d Cir. 1983). We need not here

4

decide the question, however, because there is no record support for distinguishing the acts of money laundering and embezzlement in this case in the manner Venkataram suggests.

To defraud the City of the millions of dollars at issue, Venkataram did not simply have the charged enterprise, Comprehensive Computer Resources ("CCR"), file scores of its own fraudulent invoices to induce undeserved payments by the City. He had CCR submit fraudulent invoices from purported "subcontractors" – in reality shell companies owned by Venkataram and his confederates. The City paid CCR, expecting that it would then pay subcontractors. In sum, the submission of subcontractor invoices and the development of a record of payment to these subcontractors were both essential to the overall scheme insofar as they covered CCR's fraudulent dealings with the City with a veneer of bona fide business dealings that was essential to secure the payments that caused the loss at issue. Venkataram did not dispute these facts in the district court. Indeed, he effectively admitted them during his guilty plea allocution when he explained that his money laundering was designed not only "to conceal" his "fraudulent activities in embezzling money from the OCME," but also to allow him to "receive the money without being found out" in the first place. Plea Allocution at 35, United States v. Venkataram, No. 06 Cr. 102 (S.D.N.Y. Oct. 30, 2007).

These circumstances are quite different from those in Lerner v. Fleet Bank, N.A., 318 F.3d 113 (2d Cir. 2003), cited by Venkataram, and Hemi Group, in both of which the actual loss to the plaintiff was caused by a third party. See also Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d at 774 (finding defendant's employee's money laundering was not

proximate cause of injury occasioned by theft of plaintiff's semiconductors by third parties). Here, but for Venkataram's creation of a paper trail indicating CCR's seemingly normal business dealings with "subcontractors" – both in terms of obligations incurred and payments made – the City might well have grown suspicious as to a single vendor's ability to perform such large contracts without the assistance of subcontractors. See generally Maiz v. Virani, 253 F.3d at 674 (recognizing that but for money laundering, defendant could not have continued fraud scheme). In these circumstances, Venkataram's money laundering was not a remote or indirect but a proximate cause of the City's loss as a victim of fraud.

We have considered all of Venkataram's remaining arguments and find them to be without merit. Accordingly, the July 9, 2009 judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6